UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS MOLINA, <br><br> Plaintiff, <br><br> -against- <br><br> DEPARTMENT OF CORRECTIONS; CYNTHIA BRANN; PATSY YANG; MARGARET EGAN, <br><br> Defendants. | 1:20-cv-9483-GHW <br><br> ORDER OF SERVICE |

GREGORY H. WOODS, United States District Judge:

Plaintiff, currently detained in the Vernon C. Bain Center ("VCBC"), brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants are violating his federal constitutional rights by not protecting him from contracting COVID-19.[1] By order dated February 2, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Plaintiff filed this complaint with 49 other detainees. On November 9, 2020, Magistrate Judge Aaron severed the matter into separate cases. Molina will be the only Plaintiff in this matter.

[2] The original complaint did not include an IFP application and prisoner authorization. By order dated November 16, 2020, Chief Judge McMahon directed Plaintiff Molina to either pay the $400.00 in fees or submit an IFP application and prisoner authorization. (ECF No. 3.) Plaintiff Molina failed to respond, and by order dated January 7, 2021, Chief Judge McMahon dismissed the action without prejudice. (ECF No. 5.) On January 22, 2021, Plaintiff submitted his prisoner authorization form and IFP Application. (ECF Nos. 8, 9). Chief Judge McMahon then directed the Clerk's Office reopen the action, ECF No. 10, and granted Plaintiff Molina's IFP application, ECF No. 11.

governmental entity. *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555.  After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief.  *Id.*

## DISCUSSION

**A.     Department of Correction (DOC)**

The original complaint and the amended complaint include DOC in the caption of the complaint.  Plaintiff Molina's second amended complaint, however, does not include DOC in the caption.  Whether he intended to sue this agency is unclear, but in any event, the claims against DOC must be dismissed because an agency of the City of New York is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

**B.     Defendants Yang and Egan**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date the

summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Yang and Egan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.     Defendant Brann**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Commissioner Cynthia Brann waive service of summons.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses the "Department of Corrections" from the action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant Commissioner Cynthia Brann waive service of summons.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Defendants Yang and Egan, and deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

SO ORDERED.

Dated: March 2, 2021
       New York, New York

_____
GREGORY H. WOODS
United States District Judge

5

## DEFENDANTS AND SERVICE ADDRESSES

1. Patricia Yang
   Senior Vice President for Correctional Health Services
   for NYC Health + Hospitals
   55 Water Street
   18th Floor
   New York, New York 10041

2. Margaret Egan
   Executive Director of the Board of Correction
   1 Centre Street
   Room 2213
   New York, New York 10007